

WILMINGTON
RODNEY SQUARE
**NEW YORK**
ROCKEFELLER CENTER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

June 17, 2022

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *CMP Development, LLC v. Amneal Pharmaceuticals LLC,* C.A. No. 21-549-MN

Dear Judge Norieka:

      Defendant Amneal Pharmaceuticals LLC ("Amneal") respectfully seeks an Order compelling Plaintiff CMP Development ("CMP") to provide a Rule 30(b)(6) designee for examination in response to Topics 1, 2, 4 and 5 of Amneal's Rule 30(b)(6) notice. The parties have resolved all other disputes regarding Amneal's notice through the meet and confer process, but were unable to resolve these points.

      In this Hatch-Waxman patent litigation, CMP asserts that Amneal's proposed ANDA product infringes five patents. Amneal denies infringement and asserts invalidity defenses. CMP has already conceded that Amneal's ANDA product does not *literally* infringe any claim of any asserted patent. CMP is instead seeking to rely on the doctrine of equivalents ("DoE").

      As an initial matter, Amneal contends that prosecution history estoppel ("PHE") precludes CMP from asserting infringement under DoE. But if not precluded by estoppel, to prevail on its equivalence theory, CMP must demonstrate, by a preponderance of the evidence, that Amneal's ANDA product contains a component (the "alleged equivalent") that is insubstantially different from the claim limitation(s) that Amneal's ANDA product does not literally meet. To do this, CMP might try to demonstrate that the alleged equivalent (a) has substantially the same function as the claim limitation, (b) works in substantially the same way as that claim limitation, and (c) achieves substantially the same result as that claim limitation. This is the "function-way-result" test for infringement under DoE. *Warner-Jenkins Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 (1997).

      ***Topic 1: the "inventorship of the Patents-in-Suit, including the contributions of each Inventor to each of the claims."*** Topic 1 is relevant to infringement and invalidity, and is reasonably calculated to lead to the discovery of such evidence. It is especially relevant to DoE, including the function, way, result test. Knowing who contributed to which aspects of the claims informs the weight to be given to testimony about the function, way, and result of the claim limitations at issue. It also can inform comparisons between how CMP characterizes certain aspects of the claimed invention through its fact witnesses versus through its expert witnesses.

      Knowing who contributed to which aspects of the claimed invention is also relevant to the foreseeability of the alleged equivalent, a factor relevant to PHE. *See, e.g., Honeywell Int'l,*

Young Conaway Stargatt & Taylor, LLP
The Honorable Maryellen Noreika
June 17, 2022

*Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1312 (Fed. Cir. 2008). For example, the weight to be given to testimony about foreseeability of an alleged equivalent may depend on whether the witness contributed to those aspects of the claimed invention.

Topic 1 is also reasonably calculated to lead to admissible evidence concerning the prior art known to the inventors and how it relates to the claimed invention for purposes of invalidity. This information should be well within the knowledge of the inventors. Now is the time for CMP to disclose its invention story it plans to tell at trial, in order to aid in framing the disputes between the parties and to help inform expert discovery.

CMP appears to object to providing this information because it pertains to a large number of claims (86). Ex. A at 2-3. But CMP, not Amneal, chose to prosecute 86 claims and CMP chose to assert 85 of those 86 claims. As CMP chose the strategy it did and has not narrowed the asserted claims, Amneal should be given an opportunity to vet CMP's position through a deposition. It is up to CMP to first narrow the asserted claims of it wants to reduce the burden on its corporate designee.

The bulk of CMP's other objections amounts to little more than the unsupported boilerplate assertion that Topic 1 is "overly broad, unduly burdensome, and disproportionate to the needs of the case." Ex. A at 2. CMP's remaining objections are merely offered "to the extent" Topic 1 seeks information that is privileged or immune from discovery or seeks a legal conclusion. These objections do not justify CMP's refusal to designate anyone for Topic 1. *Id.* CMP can protect privilege through proper objections and instructions during deposition. And the contribution(s) to the claimed invention is, on its face, a factual topic, not a legal conclusion.

CMP has not provided, and Amneal is not aware of, any patent case in which the defendant was denied discovery into the contributions of each inventor to any claimed invention in the patents-in-suit. The Court should thus compel CMP to designate a witness on Topic 1.

***Topic 2: the "facts and circumstance pertaining to the conception and reduction of practice of any alleged inventions claimed in the patents-in-suit ('the claimed inventions')…".***
Topic 2 includes a specific list of information sought, including the <u>identity</u> of those who conceived of and/or reduced to practice the claimed inventions, the <u>dates and circumstances</u> of the conception and reduction to practice; and information about the types and locations of <u>documentary evidence</u> pertaining to conception and reduction to practice. Ex. A at 3.

Here again, Amneal has a right to obtain discovery of any invention story CMP plans to present at trial. This is information well within the knowledge of the inventors and CMP. Their testimony and the contemporaneous documentary evidence of the conception and reduction to practice is reasonably calculated to lead to the discovery of admissible evidence concerning DoE (see above), as well as potentially invalidating prior art.

CMP's objections regarding overbreadth, burden, irrelevance, and proportionality lack merit. CMP's primary objection appears to be that Topic 2 is not limited to the asserted claims. But as noted above, CMP is asserting 85 of the 86 claims. CMP's other basis seems to be that the Topic "seeks information that occurred over at least 6 years ago." *Id.* at 4. But uncovering evidence and testimony regarding events leading to the alleged invention is standard in patent litigation. Finally, CMP's privilege objection is meritless for the same reasons noted above.

CMP has not provided, and Amneal is not aware of, any patent case in which the defendant was denied discovery into conception and reduction to practice. For these reasons, the Court should compel CMP to designate a witness on Topic 2.

Young Conaway Stargatt & Taylor, LLP
The Honorable Maryellen Noreika
June 17, 2022

***Topic 4: "The name, title, and role of each person who contributed to the drafting, editing, and/or amendment of any claims of the patents-in-suit."*** The information sought by Topic 4 is reasonably calculated to lead to the discovery of admissible evidence, by informing Amneal which individuals contributed to drafting and amending claims prior to and during patent prosecution. The knowledge of these individuals may bear directly on the origins and history of the claim limitation which CMP claims to infringe under DoE, and is directly relevant to PHE. Further, CMP has not provided, and Amneal is not aware of, any patent case in which the defendant was denied discovery into the drafting and history of the claims in the patents-in-suit.

Apart from the repetitive and unsupported boilerplate objections relating to overbreadth, burden, and proportionality (Ex. A at 6), CMP argues that Amneal should have to review all the documents produced in order to determine for itself who contributed to the drafting and amendment of claims. Pointing to thousands of pages of documents and advising that "the information is in there somewhere" is neither a legitimate objection nor a reasonable proposition.

CMP also objects that Topic 4 seeks any information regarding any contribution to the drafting, editing, and/or amendment of the claims, "no matter how minor that contribution and regardless of the relevance to the claims and defenses at issue[.]" *Id.* This lacks merit. It is not in Amneal's interest to spend its limited deposition time pursuing minor, irrelevant matters.

CMP's remaining objections based on privilege and on the single unasserted claim lack merit for the same reasons discussed above.

Accordingly, the Court should compel CMP to designate a witness on Topic 4. However, Amneal would accept a sworn written party admission response instead of a witness.

***Topic 5: "The facts and circumstances relating to the prosecution of the patents-in-suit and all related applications before the PTO…"*** Topic 5 specifically includes preparation of responses, amendments, and declarations submitted to the PTO, and any interviews with the PTO. Topic 5 is at least reasonably calculated to lead to the discovery of admissible evidence relevant to DoE. The doctrine of PHE may limit the availability and scope of equivalents that CMP can assert, and Amneal should be permitted to probe factual aspects of the prosecution of the asserted patents.

CMP's boilerplate relevance, burden, and proportionality objections based the single unasserted claim (Ex. A at 7) lack merit for the same reasons discussed above. CMP's objections based on privilege and immunity are also meritless for the reasons discussed above.

Likewise, the fact that some of the information can be gleaned from the prosecution history itself does not justify CMP's refusal to designate a witness for Topic 5. The prosecution history does not record everyone involved in preparing correspondence with the examiner, nor is it a complete record of what transpired during examiner interviews. In arguing against PHE, CMP will doubtless seek to characterize certain events that took place during prosecution of the asserted patents. Amneal should be permitted to probe the related facts, and Topic 5 is reasonably calculated to do just that.

CMP has not provided, and Amneal is not aware of, any patent case in which the defendant was denied discovery into the non-privileged aspects of prosecution of the patents.

Accordingly, the Court should compel CMP to designate a witness on Topic 5.

Young Conaway Stargatt & Taylor, LLP
The Honorable Maryellen Noreika
June 17, 2022

                                                                              Respectfully submitted,

                                                                              */s/ Anne Shea Gaza*

                                                                              Anne Shea Gaza (No. 4093)

Enclosure (Ex. A – CMP's objections to Amneal's 30b(b)(6) Notice))

cc: All counsel of record (by CM/ECF and email)

29468220.1

4