# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CMP DEVELOPMENT, LLC, | ) | |
| | ) | C.A. No. 21-549-MN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMNEAL PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CMP DEVELOPMENT, LLC'S RESPONSES AND OBJECTIONS
TO AMNEAL PHARMACEUTICALS LLC'S NOTICE OF DEPOSITION PURSUANT
TO FED. R. CIV. P. 30(B)(6) TO CMP DEVELOPMENT, LLC**

Plaintiff CMP Development, LLC ("CMP" or "Plaintiff") hereby responds, under Rules

26 and 30 of the Federal Rules of Civil Procedure, to Defendant Amneal Pharmaceuticals LLC's

("Amneal" or "Defendant") Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to CMP

Development, LLC as follows:

**GENERAL OBJECTIONS**

1.      CMP objects to this deposition as occurring on July 19, 2022 and as, potentially,

occurring in person. CMP states that it may need to select a different day and/or time for the

deposition in light of designees' and/or attorneys' availability. CMP further requests, that in light

of the burden, inconvenience, expense, travel time, and the like associated with in person

depositions, that Amneal's 30(b)(6) deposition occur remotely.

2.      CMP objects to each Topic to the extent it seeks information subject to and

protected by privilege or immunity from discovery, including, but not limited to, the attorney-

client privilege and work-product immunity. To the extent Amneal's Topics can be construed to

seek such information, CMP objects and will provide only non-privileged and non-immune

information.

1

3.      CMP objects to each Topic as irrelevant to the extent the requested information is not relevant to a particular claim or defense at issue in the case. By providing any of the information requested, however, CMP does not concede the relevance thereof to this proceeding.

4.      CMP objects to each Topic to the extent the Topic seeks CMP's contentions in this case as contention depositions are not permitted.  To the extent CMP agrees to provide a witness, no witness will be permitted to testify as to CMP's contentions.

5.      CMP objects to Amneal's request for production stated in its Notice in which it requests, to the extent not already provided, that Plaintiff "produce, as soon as they can reasonably be gathered and produced in advance of the deposition, any and all documents and things in its possession, custody, or control that in any way refer to or concern any of the deposition topics set forth below, and that have not previously been produced to Amneal in this action." Rule 30(b)(2), relied upon by Amneal, is inapplicable as Amneal's Notice is not a subpoena duces tecum. If Amneal wishes to obtain any documents not previously requested from CMP, it may issue requests for production pursuant to Rule 34, to which CMP has 30 days to object and respond.

Subject to the General Objections outlined above and the more specific objections set forth below, CMP responds as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**TOPIC NO. 1:**

The inventorship of the Patents-in-Suit, including the contributions of each Inventor to each of the claims.

**RESPONSE TO TOPIC NO. 1:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks identification of

inventorship on a claim-by-claim basis for 5 patents covering a total of 86 claims. Adequately preparing an individual to be knowledgeable about such a broad topic would be impossible and/or not proportionate to the needs of the case. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it is not substantively relevant to any of Amneal's invalidity defenses. CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery or which is not in the possession, custody, or control or Amneal. CMP objects to this Topic to the extent it seeks a legal conclusion as to who are "inventors" of the Patents in Suit.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic.

**TOPIC NO. 2:**

The facts and circumstances pertaining to the conception and reduction to practice of any alleged inventions claimed in the Patents-in-Suit ("the claimed inventions"), including:

a.   the identity of the individuals who conceived of and/or reduced to practice the claimed inventions;

b.   the dates and circumstances of the conception and reduction to practice of the claimed inventions;

c.   existence, location, type, and disposition of all documentary evidence pertaining to the conception and reduction to practice of the claimed inventions, including, but not necessarily limited to:

i.     inventor/invention disclosure statements;
ii.    laboratory notebooks;
iii.   reports;
iv.    notes;
v.     meeting minutes;
vi.    any documents memorializing the conception of the claimed inventions and/or the reduction to practice of the claimed inventions; and/or
vii.   any document memorializing any reaction or commentary regarding the claimed inventions themselves;

3

**RESPONSE TO TOPIC NO. 2:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and disproportionate to the needs of the case because, among other things, the Topic is not limited to the inventions claimed in the Asserted Claims, seeks information that occurred over at least 6 years ago, and seeks an identification regarding the existence, location, type, and disposition of "all documentary evidence pertaining to the conception and reduction to practice of the claimed invention . . . ." Adequately preparing an individual to be knowledgeable about such a broad topic would be impossible and/or not proportionate to the needs of the case. CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic, unless Amneal can identify with more specificity the actual testimony it seeks with respect to this topic, and why it is proportional to the needs of this case.

**TOPIC NO. 3:**

The content of the specification of the Patents-in-Suit, including:

a.  technical details of the Examples set forth therein;

b.  the identity, type, location, and disposition of all documents memorializing the work reflected in the Examples of the Patents-in-Suit; and

c.  the name, title, and role of each person substantively involved in designing, carrying out, analyzing, and/or interpreting the results of the work reflected in the Examples of the Patents-in-Suit, and the nature of each such person's contribution(s) to that work.

**RESPONSE TO TOPIC NO. 3:**

CMP incorporates its General Objections. CMP objects to this Topic as vague and overly broad as to the term "content of the specification" as it is unclear what is meant to be

encompassed by this term, apart from the specific non-exhaustive list provided in subsections (a)-(c). This Topic is also vague because it is unclear what is meant by the term "technical details." CMP further objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case as there are several examples presented in the specifications of the Patents in Suit and adequately preparing a witness regarding the detailed information requested by this Topic for each example is unduly burdensome. Indeed, CMP objects to this Topic as it seeks the identity, type, location, and disposition of all documents memorializing the work reflected in the Examples of the Patents-in-Suit. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic. CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to testify generally regarding nonprivileged information, to the extent it is within CMP's possession, custody, or control and reasonably available to CMP, summarizing (a) the research that is reflected in the Examples of the Patents in Suit and (b) the identity of the individuals directly and substantively involved in designing, carrying out, analyzing, and/or interpreting the results of the work reflected in the Examples of the Patents-in-Suit.

**TOPIC NO. 4:**

The name, title, and role of each person who contributed to the drafting, editing, and/or amendment of any claims of the Patents-in-Suit.

**RESPONSE TO TOPIC NO. 4:**

CMP incorporates its General Objections. CMP objects to this Topic to the extent it seeks information that is privileged or immune from discovery. CMP further objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic and to the extent such information is publicly available. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information relating to unasserted claims and because it seeks information regarding any contribution to the drafting, editing, and/or amendment of any claims of the Patents-in-Suit, no matter how minor that contribution and regardless of the relevance to the claims and defenses at issue in this action. CMP also objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and disproportionate to the needs of the case because it seeks information that is not relevant to the claims and defenses at issue in this action.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic.

**TOPIC NO. 5:**

The facts and circumstances relating to the prosecution of the Patents-in-Suit and all Related Applications before the PTO, including those pertaining to:

    a.    preparation of any responses, amendments or declarations submitted by or on behalf of the Inventors in response to any rejections; and

    b.    any interviews with the PTO, including: the identity and role of each person involved; the preparation of any affidavits and documents submitted in support thereof to the PTO; and the substance of what transpired at each such interview.

**RESPONSE TO TOPIC NO. 5:**

CMP incorporates its General Objections. CMP objects to this Topic to the extent it seeks information that is privileged or immune from discovery. Relatedly, any nonprivileged and nonimmune information is likely to be publicly available and the burden of attempting to locate such nonpublic, nonprivileged and nonimmune information is unduly burdensome and not proportionate to the needs of the case, particularly because it is likely intertwined with privileged and immune information. CMP further objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic and to the extent such information is publicly available. Indeed, CMP has already produced copies of the Patents in Suit and their respective prosecution histories. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information relating to unasserted claims and because it seeks information regarding all aspects of prosecution of the Patents-in-Suit, regardless of the relevance to the claims and defenses at issue in this action. CMP also objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and disproportionate to the needs of the case because it seeks information that is not relevant to the claims and defenses at issue in this action. Indeed, Amneal has asserted no allegations of inequitable conduct. CMP also objects to this Topic to the extent it seeks information that is not within its possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic.

**TOPIC NO. 6:**

Any discussion, communication, consideration, search, study, analysis, evaluation, or opinion concerning any alleged unexpected results regarding any liquid spironolactone formulation, including any comparison to any prior art.

**RESPONSE TO TOPIC NO. 6:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks "any" discussion, communications, etc. and because it is directed toward any liquid spironolactone formulation rather than CMP's research and development of what ultimately became CMP's CaroSpir product. Similarly, CMP objects to this Topic to the extent it seeks information regarding Amneal's or nonparties' liquid spironolactone formulation that is not within its possession, custody, or control. CMP objects to this Topic to the extent it seeks a legal conclusion or expert opinion regarding unexpected results. CMP objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to testify generally regarding unexpected results relating to CMP's CaroSpir product, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP.

**TOPIC NO. 7:**

The facts and circumstances pertaining to the first disclosure, use, and/or sale to any third party of any invention or product or method embodying the subject matter claimed in the Patents-in-Suit.

**RESPONSE TO TOPIC NO.7:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks information

8

relating to claims that are not asserted in this action. CMP objects to this Topic to the extent it

seeks a legal conclusion or expert opinion as to what constitutes a "disclosure," "use" or

"embodiment." CMP also objects to this Topic as overly broad and vague as it seeks "[t]he facts

and circumstances pertaining…" but provides no bounds regarding the same. CMP further

objects to this Topic as seeking irrelevant information or information that is not proportionate to

the needs of the case as Amneal has not asserted an invalidity defense based on prior disclosure,

use, or sale by CMP to a third party.

Subject to and without waiving the foregoing general and specific objections, CMP will

not provide a designee for this Topic.

**TOPIC NO. 8:**

The facts and circumstances pertaining to your decision to develop a spironolactone oral liquid
product, or to develop a spironolactone liquid oral suspension, including:

      a.     the rationale for that decision;

      b.     the identity and role of each person who substantially contributed to that decision,
              and the nature of that contribution; and

      c.     consideration, discussion, exploration, testing, or comparison of other dosage
              forms or routes of administration for a potential spironolactone product.

**RESPONSE TO TOPIC NO.8:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad,

unduly burdensome, and not proportionate to the needs of the case because it seeks information

relating to the "facts and circumstances" pertaining to CMP's decision to develop a

spironolactone liquid product or liquid oral suspension but fails to place bounds on those facts

and circumstances. CMP also objects to this Topic to the extent it seeks information that is

privileged or immune from discovery. CMP objects to this Topic as vague and confusing

because it asks about a comparison of "other dosage" forms or routes of administration but fails

to state to what dosage forms or routes of administration the "other dosage" forms or routes of administration are being compared.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to CMP's decision to develop a spironolactone oral liquid product, or to develop a spironolactone liquid oral suspension with respect to the facts relating to subsections (a)-(c), to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP. CMP invites Amneal to identify with more specificity the testimony it actually wants with respect to this Topic.

**TOPIC NO. 9:**

The facts and circumstances concerning the research and development efforts that resulted in Carospir, including the time frame of such research and development and the individuals principally responsible for or significantly involved in the development of Carospir.

**RESPONSE TO TOPIC NO. 9:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks information relating to the "facts and circumstances" pertaining to CMP's research and development efforts that resulted in CaroSpir but fails to place bounds on those facts and circumstances. Moreover, such research and development efforts were extensive and preparing a witness to testify regarding the same is impossible or not proportionate to the needs of the case. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic. Indeed, CMP has already produced its lab notebooks as well as research and development documents. CMP further objects to this Topic as vague as to what is meant by "time frame of such research and

development" and the level of detail requested. To the extent Amneal seeks a detailed timeline of CMP's research and development efforts, CMP objects to such a request as overly broad, unduly burdensome, and not proportionate to the needs of the case. CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to CMP's research and development efforts that resulted in CaroSpir, including the general time frame of such research and development and the individuals principally responsible for the development of CaroSpir, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP. CMP invites Amneal to identify with more specificity the testimony it actually wants with respect to this Topic.

**TOPIC NO. 10:**

The facts and circumstances pertaining to your selection of xanthan gum for use in any spironolactone formulation, including, but not limited to:

a. why you selected the xanthan gum for use in your claimed invention and for use in Carospir;

b. any consideration, deliberation, discussion, and testing involving xanthan gum or any candidate alternatives to xanthan gum, concerning your selection of xanthan gum (and/or your decision to not select an alternative to xanthan gum) for use in the claimed invention and/or in Carospir; and

c. any comparison or comparative testing of the properties or performance of xanthan gum in a liquid spironolactone formulation, as compared to potential alternatives to xanthan gum.

**RESPONSE TO TOPIC NO. 10:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks information relating to the "facts and circumstances" pertaining to selection of xanthan gum for use in any

11

spironolactone formulation but fails to place bounds on those facts and circumstances. Moreover, the Topic is not limited to CMP's selection of xanthan gum for its CaroSpir product. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic. CMP further objects to this Topic as vague and confusing as to the phrase "any consideration, deliberation, discussion, and testing involving xanthan gum or any candidate alternatives to xanthan gum, concerning your selection of xanthan gum (and/or your decision to not select an alternative to xanthan gum) for use in the claimed invention and/or in CaroSpir." CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to CMP's selection of xanthan gum for use in any spironolactone formulation that resulted in CaroSpir, including why CMP selected xanthan gum for use in CaroSpir, consideration of alternatives to xanthan gum when developing what became CaroSpir, and comparison/comparative testing of the properties or performance of xanthan gum in what became Carospir as compared to potential alternatives to xanthan gum, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP.

**TOPIC NO. 11:**

The facts and circumstances pertaining to your selection of citrate buffer for use in any spironolactone formulation, including, but not limited to:

        a.      why you selected the citrate buffer for use in its claimed invention and for use in Carospir;

      b.      any consideration, deliberation, discussion, and testing involving citrate buffer or any alternatives to citrate buffer, concerning the selection of citrate buffer (and/or the decision to not select an alternative to citrate buffer) for use in the claimed invention and/or in Carospir; and

      c.      any comparison or comparative testing of the properties or performance of citrate buffer in a liquid spironolactone formulation, as compared to potential alternatives to citrate buffer.

## RESPONSE TO TOPIC NO. 11:

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks information relating to the "facts and circumstances" pertaining to selection of citrate buffer for use in any spironolactone formulation but fails to place bounds on those facts and circumstances. Moreover, the Topic is not limited to CMP's selection of citrate buffer for its CaroSpir product. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic. CMP further objects to this Topic as vague and confusing as to the phrase "any consideration, deliberation, discussion, and testing involving citrate buffer or any candidate alternatives to citrate buffer, concerning your selection of citrate buffer (and/or your decision to not select an alternative to citrate buffer) for use in the claimed invention and/or in CaroSpir." CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to CMP's selection of citrate buffer for use in any spironolactone formulation that resulted in CaroSpir, including why CMP selected citrate buffer for use in CaroSpir, consideration of alternatives to

citrate buffer when developing what became CaroSpir, and comparison/comparative testing of the properties or performance of citrate buffer in what became CaroSpir as compared to potential alternatives to citrate buffer, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP.

**TOPIC NO. 12:**

The facts and circumstances pertaining to any attempt by you to evaluate, measure, and/or improve the chemical stability and/or content uniformity of spironolactone in a liquid spironolactone formulation.

**RESPONSE TO TOPIC NO. 12:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks information relating to the "facts and circumstances . . ." but fails to place bounds on those facts and circumstances. The Topic essentially seeks all facts relating to evaluating, measuring, and/or improving the chemical stability and/or content uniformity, regardless of their significance and import, such that adequately preparing a witness would be impossible or not proportionate to the needs of the case. Moreover, the Topic is not limited to CMP's evaluation, measurement, and/or improvement of the chemical stability or content uniformity of spironolactone for its CaroSpir product. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic. CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to and summarize CMP's efforts to evaluate, measure, and/or improve the chemical stability and/or

14

content uniformity of spironolactone in the liquid spironolactone formulation that became

CaroSpir, to the extent such information is not privileged and to the extent it is within CMP's

possession, custody, or control and reasonably available to CMP. CMP invites Amneal to

identify with more specificity the testimony it actually wants with respect to this Topic.

**TOPIC NO. 13:**

The facts and circumstances pertaining to any attempt by you to evaluate, measure, and/or
improve the physical stability and/or resuspendability of any liquid spironolactone formulation.

**RESPONSE TO TOPIC NO. 13:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad,

unduly burdensome, and not proportionate to the needs of the case because it seeks information

relating to the "facts and circumstances . . ." but fails to place bounds on those facts and

circumstances. The Topic essentially seeks all facts relating to evaluating, measuring, and/or

improving physical stability and/or resuspendability, regardless of their significance and import,

such that adequately preparing a witness would be impossible or not proportionate to the needs

of the case. Moreover, the Topic is not limited to CMP's evaluation, measurement, and or

improvement of the physical stability and/or resuspendability of spironolactone for its CaroSpir

product. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the

needs of the case because it seeks information that is more easily and readily obtained through

other means, including to the extent Amneal already possesses documents relating to the subject

of this Topic. CMP also objects to this Topic to the extent it seeks information that is privileged

or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will

take reasonable efforts to prepare one or more designees to generally testify as to and

summarize CMP's efforts to evaluate, measure, and/or improve the physical stability and/or

resuspendabilty of spironolactone in a liquid spironolactone formulation that became CaroSpir,

to the extent such information is not privileged and to the extent it is within CMP's possession,

custody, or control and reasonably available to CMP. CMP invites Amneal to identify with

more specificity the testimony it actually wants with respect to this Topic.

## TOPIC NO. 14:

Your knowledge regarding the function of each excipient and each combination of excipients in
the claimed formulations of the Patents-in-Suit and/or Carospir, including how each such
excipient or combination of excipients performs such function(s), and the result obtained in such
formulations by each such excipient or combination of excipients.

## RESPONSE TO TOPIC NO. 14:

CMP incorporates its General Objections. CMP objects to this Topic as vague as it is

unclear what is meant by the term "each combination of excipients in the claimed formulations

of the Patents-in-Suit and/or CaroSpir." CMP also objects to this Topic as overly broad, unduly

burdensome, and not proportionate to the needs of the case because it seeks information relating

to the functions of excipients and combinations of excipients that are not relevant to the

infringement or invalidity analysis. In particular, CMP has only asserted infringement under

DOE as the elements of xanthan gum and citrate buffer; accordingly, the function of excipients

or combinations of excipients other than xanthan gum and citrate buffer are irrelevant or not

proportionate to the needs of the case. Further, the Topic is overly broad, unduly burdensome,

and disproportionate to the needs of the case because it seeks information that is more easily and

readily obtained through other means, including to the extent Amneal already possesses

documents relating to the subject of this Topic. CMP also objects to this Topic to the extent it

seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will

take reasonable efforts to prepare one or more designees to testify as to CMP's knowledge

16

regarding the function of xanthan gum and citrate buffer in the claimed formulations of the

Patents-in-Suit and/or CaroSpir, to the extent such information is not privileged and to the

extent it is within CMP's possession, custody, or control and reasonably available to CMP.

**TOPIC NO. 15:**

The facts and circumstances pertaining to your selection and testing of each class and type of excipient considered for inclusion in, and/or those excipients ultimately include in, the claimed formulations of the Patents-in-Suit and/or Carospir. This includes, but is not limited to, your reasons and rationales for considering inclusion of such excipients and for selecting and/or claiming such excipients in such amounts in the claims of the Patents-in-Suit and/or in Carospir.

**RESPONSE TO TOPIC NO. 15:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad,

unduly burdensome, and not proportionate to the needs of the case because it seeks information

relating to the "facts and circumstances . . ." without setting any bounds regarding the same.

This Topic is also overly broad, unduly burdensome, and not proportionate to the needs of the

case because it seeks information regarding each class or type of excipient considered for

inclusion in the claimed formulations of the Patents in Suit and/or CaroSpir, even though not

ultimately used. Preparation of a witness knowledgeable regarding the broad scope of this Topic

is impossible or not proportionate to the needs of the case. Further, the Topic is overly broad,

unduly burdensome, and disproportionate to the needs of the case because it seeks information

that is more easily and readily obtained through other means, including to the extent Amneal

already possesses documents relating to the subject of this Topic. CMP also objects to this

Topic to the extent it seeks information that is privileged or immune from discovery. CMP

further objects to this Topic to the extent it seeks legal conclusions or legal analysis as to the

reasons and rationales for considering inclusion of such excipients and for selecting and/or

claiming such excipients in such amounts in the claims of the Patents-in-Suit and/or CaroSpir.

RLF1 27429425v.1

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to and summarize CMP's knowledge as to the subject matter of this Topic, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP. CMP invites Amneal to identify with more specificity the testimony it actually wants with respect to this Topic.

**TOPIC NO. 16:**

The preparation, filing, and contents of NDA No. 209478 and of any IND relating to NDA No. 209478, including any communications, amendments, or supplements related thereto, and including any correspondence between you and the FDA regarding such NDA and/or IND.

**RESPONSE TO TOPIC NO. 16:**

CMP incorporates its General Objections. CMP objects to this Topic on the grounds that it is overly broad, unduly burdensome, seeking information that is irrelevant, and not proportional to the needs of the case, including because it calls for an array of information regarding the regulatory approval process for CaroSpir that is not relevant to the claims and defenses of this action. CMP objects to this Topic to the extent it seeks privileged information or information immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic. If Amneal wishes to significantly narrow the scope of this Topic, CMP will consider whether it is appropriate to designate a witness to testify as to that narrowed scope.

**TOPIC NO. 17:**

The formulation, composition, and manufacturing process for Carospir, including the ingredients used to make the composition, the amount of each ingredient used, and the function of each ingredient.

**RESPONSE TO TOPIC NO.17:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, seeking irrelevant information, and not proportionate to the needs of the case. Among other things, the Topic seeks information regarding the manufacturing process for CaroSpir which is not relevant to the claims and defenses in this action. The Topic is also overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic. CMP also objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks information relating to the functions of ingredients that are not relevant to the infringement or invalidity analysis. In particular, CMP has only asserted infringement under DOE as the elements of xanthan gum and citrate buffer; accordingly, the function of excipients or combinations of excipients, other than xanthan gum and citrate buffer, are irrelevant or not proportionate to the needs of the case. CMP incorporates its response to Topic 14. CMP also objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to testify regarding the formulation, and composition for CaroSpir, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP.

**TOPIC NO. 18:**

The ownership of the Patents-in-Suit and any transfer, grant, conveyance, assignment, license, attempt to license, offer to license, or any other agreements or offers concerning any interest or right to the Patents-in-Suit and any product embodying the Patents-in-Suit.

## RESPONSE TO TOPIC NO.18:

CMP incorporates its General Objections. CMP objects to this Topic as it seeks

information that is more easily and readily obtained through other means, including to the extent

Amneal already possesses documents relating to the subject of this Topic. CMP also objects to

this Topic to the extent it seeks information that is privileged or immune from discovery. CMP

further objects to this Topic to the extent it seeks legal conclusions or legal analysis as to the

subject matter of this Topic, including the meaning of any terms or provisions in agreements,

assignments, licenses, etc.

Subject to and without waiving the foregoing general and specific objections, CMP will

take reasonable efforts to prepare one or more designees to testify regarding the subject matter

of this Topic, to the extent such information is not privileged and to the extent it is within

CMP's possession, custody, or control and reasonably available to CMP. CMP states it will not

provide any legal conclusions or analysis regarding the same.

## TOPIC NO. 19:

All studies, experiments, analysis, investigation, or reports concerning whether Carospir is an
embodiment of or covered by any claims of the Patents-in-Suit.

## RESPONSE TO TOPIC NO. 19:

CMP incorporates its General Objections. CMP also objects to this Topic to the extent it

seeks information that is privileged or immune from discovery. CMP further objects to this

Topic to the extent it seeks expert opinions or analysis, legal conclusions, or legal analysis as to

the subject matter of this Topic.

Subject to and without waiving the foregoing general and specific objections, CMP will

take reasonable efforts to prepare one or more designees to testify regarding the subject matter

of this Topic, to the extent such information is not privileged and to the extent it is within

CMP's possession, custody, or control and reasonably available to CMP. CMP states it will not provide any legal conclusions or analysis regarding the same.

**TOPIC NO. 20:**

Any analysis of the actual or potential market for spironolactone products, including actual or contemplated plans and strategy to sell and market Carospir, any sales or market-share projections or analysis, analysis or consideration of competing products, projected annual sales for Carospir, and the prices of Carospir relative to the competing products on the market.

**RESPONSE TO TOPIC NO. 20:**

CMP incorporates its General Objections. CMP objects to this Topic to the extent it seeks expert opinions or analysis, legal conclusions, or legal analysis as to the subject matter of this Topic. CMP objects to this Topic to the extent it seeks privileged information or information immune from discovery. CMP also objects to this Topic as vague as to the terms "market" and "competing products." CMP objects to this Topic to the extent it seeks information that is not within its possession, custody, or control, including information about pricing of nonparty's products. CMP further objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because it is directed to the actual or potential market for spironolactone products, rather than liquid spironolactone products. The Topic is also overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks "any analysis of the actual or potential market." The breadth of this Topic impedes CMP's ability to properly prepare a witness for this Topic. CMP also incorporates its objections to Topic No. 23.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to testify generally as to and summarize CMP's analysis of the actual or potential market for spironolactone products, to the extent such information is not privileged and to the extent it is within CMP's possession,

custody, or control and reasonably available to CMP. CMP states it will not provide any expert opinions or analysis, legal conclusions, or legal analysis regarding the same and invites Amneal to identify with more specificity the testimony it actually wants with respect to this Topic.

**TOPIC NO. 21:**

The planned, projected, and actual revenue, price, unit sales, and profit associated with Carospir.

**RESPONSE TO TOPIC NO. 21:**

CMP incorporates its General Objections. CMP objects to this Topic as vague as to what is meant by the term "profit" because that term can have multiple interpretations and as to the time period associated with reporting of the revenue, unit sales, and profit. CMP further objects to this Topic to the extent it seeks expert opinions or analysis, legal conclusions, or legal analysis as to the subject matter of this Topic. CMP also objects to this Topic to the extent it seeks testimony as to all planned or projected revenue, price, unit sales, and profits associated with CaroSpir regardless of its temporal scope, accuracy, acceptance by CMP, etc.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to testify regarding the subject matter of this Topic, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP. CMP states it will not provide any legal conclusions or analysis regarding the same and invites Amneal to identify with more specificity the testimony it actually wants with respect to this Topic, including what is meant by profits and the time period associated with reporting of the revenue, unit sales, and profit.

**TOPIC NO. 22:**

Your awareness of any surveys, studies, analyses, or focus groups investigating (a) consumer perceptions of Carospir; (b) physician perceptions of Carospir; (c) physician preferences with

respect to spironolactone administration; and (d) physician willingness to switch to or from Carospir.

**RESPONSE TO TOPIC NO. 22:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks testimony as to "all" surveys, studies, etc. regarding subsections (a)-(d) and lacks any temporal limitation. CMP also objects to this Topic to the extent it seeks information that is not within its possession, custody, or control. CMP objects to this Topic to the extent it seeks information that is privileged and/or immune from discovery and to the extent it seeks information that is properly the subject of expert testimony.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to and summarize CMP's awareness of any surveys, studies, analyses, or focus groups investigating subsections (a)-(d), to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP.

**TOPIC NO. 23:**

Marketing and promotion strategies, and the creation and distribution of marketing and promotional materials for Carospir.

**RESPONSE TO TOPIC NO. 23:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks testimony as to all marketing and promotional strategies and creation and distribution of promotional materials for CaroSpir, lacks any temporal limitation, and could be viewed as encompassing draft marketing and promotional materials. Adequately preparing a witness on such a broad Topic is impossible and/or not proportionate to the needs of the case. CMP also objects to this

Topic as vague because the Topic is not targeted, and it is unclear the type of information being sought with respect to strategies and creation and distribution of materials. For example, it is unclear whether Amneal seeks identification of who was involved with marketing and promotion of CaroSpir, identification of all marketing materials, each person those marketing materials were distributed to, etc.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to and summarize CMP's marketing and promotion strategies and the creation and distribution of representative marketing and promotional materials for CaroSpir, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP. CMP invites Amneal to identify with more specificity the testimony it actually wants with respect to this Topic.

## TOPIC NO. 24:

The creation and content of any business plans, marketing plans, promotional materials, sales plans, market share projections, sales projections, revenue projections, profit projections, net present value calculation, scenario analyses, or analyses relating to:

    a.     Carospir;

    b.     the effect of the launch of Carospir on competing products;

    c.     the effect of any other competition on Carospir; and/or;

    d.     the effect of the launch of a generic spironolactone product on Carospir.

## RESPONSE TO TOPIC NO. 24:

CMP incorporates its General Objections. CMP incorporates its objections to Topics 20 and 23. CMP objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks all such plans, materials, projections, calculations, and analyses. The breadth of this Topic impedes CMP's ability to properly prepare a witness for this

Topic. CMP objects to this Topic as vague and confusing as to what is meant by "scenario analyses" and as to "analyses relating to…Carospir." Without clarification and/or additional narrowing as to these two terms, CMP cannot prepare a witness on these two issues. CMP also objects to the Topic as vague as to the terms "competing products," "competition," and "other competition." CMP objects to this Topic to the extent it seeks privileged information or information immune from discovery and to the extent it seeks expert opinions or analysis, legal conclusions, or legal analysis.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic. CMP invites Amneal to clarify and narrow the scope of this Topic in a manner that will enable CMP to have an understanding of the information being sought and to properly prepare a witness.

**TOPIC NO. 25:**

The creation and content of any price and discount lists, incentive programs (including any package pricing deals or rebates for quantity purchases or for buying multiple CMP products), and documents assessing prices of CMP products and of competitor products, and the facts and circumstances related to any changes in prices.

**RESPONSE TO TOPIC NO. 25:**

CMP incorporates its General Objections. CMP objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks "any" price and discount lists, incentive programs, documents assessing prices of CMP products and of competitor products, and the facts and circumstances relating to any changes in price. With respect to the latter, it seeks all facts and circumstances relating to any changes in price regardless of how small of a change in price and with no temporal limitation relating to the same. Further, the information sought by this Topic is not sufficiently tied to the claims and defenses in this action. For example, price changes are not relevant to the claims and defenses in

this action. Further, the Topic is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is more easily and readily obtained through other means, including to the extent Amneal already possesses documents relating to the subject of this Topic.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to generally testify as to and summarize the creation and content of representative price and discount lists, representative incentive programs, and representative documents assessing prices of CMP products and of competitor products, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP. CMP invites Amneal to identify with more specificity the testimony it actually wants with respect to this Topic, particularly with respect to any specific documents assessing prices of CMP products and of competitor products.

**TOPIC NO. 26:**

The preservation, custodianship, location, storage, and filing of documents and things responsive to any document requests served on CMP in this action, including: (1) any document retention, transfer, or destruction policies; (2) the destruction, storage, scanning, or recycling of any documents or electronic storage devices such as but not limited to tapes, by, or on behalf of CMP; and (3) any policies, practices, or standard-operating procedures regarding the storage or backup of electronic information, including documents, emails, and servers.

**RESPONSE TO TOPIC NO. 26:**

CMP incorporates its General Objections. CMP objects to this Topic to the extent it seeks information that is privileged or immune from discovery. CMP also objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks, e.g., "any" policies, practices, etc. and lacks any temporal limitation. Further, CMP has provided metadata that provides the file location so this Topic seeks information already within

the possession of Amneal. The Topic is also overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding the preservation, custodianship, location, storage, and filing of documents responsive to Amneal's RFPs. CMP has produced over 24,000 documents, and it is impossible to prepare a witness given the breadth of this Topic. The Topic also seeks irrelevant information as it is not directed to the claims and defenses asserted in this action, and there have been no allegations of spoilation or failure to preserve documents on the part of CMP. CMP objects to this Topic as vague because it is unclear what is meant by "transfer" policies.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic.

**TOPIC NO. 27:**

The factual basis for CMP's assertion that this case is "exceptional" under 35 U.S.C. § 285, to the extent CMP maintains any such assertion.

**RESPONSE TO TOPIC NO.27:**

CMP incorporates its General Objections. CMP objects to this Topic to the extent it seeks information that is privileged or immune from discovery. CMP further objects to this Topic as seeking CMP's contentions as to exceptionality and as seeking a legal conclusion, legal analysis, legal theories, or expert opinion regarding exceptionality. Topics seeking a party's contentions are not appropriate for Rule 30(b)(6) depositions. *See, e.g.*, *Tiegel Mfg. Co. v. Globe Union, Inc.*, No. 84-483, tr. at 14 (D. Del. Oct. 5, 1984) ("It has been the consistent position of this Court that a lay person shouldn't be required to formulate a party's contention in response to deposition questioning and that not even a lawyer should be required to formulate trial strategy and contentions in immediate response to questions on deposition."); *Chalumeau Power Sys. LLC v. Alcatel-Lucent USA, Inc.*, No. 11-1175-RGA, tr. at 27-28 (D. Del. Oct. 4, 2013)

("contention depositions are not fair to whomever's being asked to formulate these things");

*Medicis Pharm. Corp. v. Actavis Mid Atlantic LLC*, No. 11-409-LPS-CJB, tr. at 40-44 (D. Del. Sept. 28, 2012) (denying a request to require plaintiffs to put forward a 30(b)(6) witness on contention topics related to secondary considerations of nonobviousness); *Pharmacia & Upjohn Co. v. Sicor, Inc.*, No. 04-833-KAJ, tr. at 36 (D. Del. Oct. 11, 2005) ("[I]nserting of the word 'facts' doesn't make [a deposition topic] less of an effort to get at what is essentially the legal position of the party."). CMP also objects to this Topic to the extent it seeks information that is not within its possession, custody, or control and, that is more likely, within the possession, custody, or control of Amneal.

Subject to and without waiving the foregoing general and specific objections, CMP will not provide a designee for this Topic.

**TOPIC NO. 28:**

Your awareness of any evidence of any of the following:

      a.      industry praise for the claimed inventions;

      b.      skepticism about the subject matter of the claimed inventions;

      c.      long-felt but unmet need for the claimed inventions;

      d.      failures of others to develop the claimed inventions;

      e.      failure of others to design around the claimed inventions; and/or

      f.      unexpected results obtained by the claimed inventions.

**RESPONSE TO TOPIC NO.28:**

CMP incorporates its General Objections. CMP objects to this Topic as vague as it is unclear what claimed inventions are being referred to. CMP will treat this Topic as being directed to the claimed inventions of the Patents in Suit. CMP also objects to this Topic as vague because it is unclear what is meant by the term "awareness." CMP further objects to this

Topic to the extent it seeks information relating to unasserted claims. Similarly, CMP objects to this Topic to the extent it seeks information that is not within its possession, custody, or control. CMP objects to this Topic to the extent it seeks a legal conclusion or expert opinion regarding secondary considerations of nonobviousness. CMP objects to this Topic to the extent it seeks information that is privileged or immune from discovery.

Subject to and without waiving the foregoing general and specific objections, CMP will take reasonable efforts to prepare one or more designees to testify generally as to whether it is aware of underlying facts supporting subsections (a)-(f) with respect to the inventions claimed in the Patents in Suit, to the extent such information is not privileged and to the extent it is within CMP's possession, custody, or control and reasonably available to CMP.


|  |  |
|---|---|
| | /s/ Renée Mosley Delcollo |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| | Renée Mosley Delcollo (#6442) |
| Christopher J. Sorenson | Richards, Layton & Finger, P.A. |
| Karen L. Beckman | One Rodney Square |
| Paige S. Stradley | 920 North King Street |
| MERCHANT & GOULD PC | Wilmington, DE 19801 |
| 150 South Fifth St., Suite 2200 | (302) 651-7700 |
| Minneapolis, MN 55402 | farnan@rlf.com |
| (612) 332-5300 | delcollo@rlf.com |
| | |
| Andrew O. Larsen | *Attorneys for Plaintiff* |
| MERCHANT & GOULD PC | *CMP Development LLC* |
| 767 Third Avenue, Suite 23C | |
| New York, NY 10017 | |
| (212) 223-6520 | |

Dated: May 31, 2022

RLF1 27429425v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2022, true and correct copies of the foregoing document

were caused to be served on the following counsel of record as indicated:

<u>**BY ELECTRONIC MAIL**</u>
Anne Shea Gaza
Samantha G. Wilson
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

<u>**BY ELECTRONIC MAIL**</u>
Steven A. Maddox
Jeremy Edwards
Procopio, Cory, Hargreaves
 & Savitch LLP
1050 Connecticut Ave., NW, Suite 500
Washington, DC 20036


*/s/ Renée Mosley Delcollo*
Renée Mosley Delcollo (#6442)
delcollo@rlf.com