IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CMP DEVELOPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-549 (MN) |
| | ) | |
| AMNEAL PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **<u>MEMORANDUM OPINION</u>**

Kelly E. Farnan, Tyler E. Cragg, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Christopher J. Sorenson, Paige Stradley, MERCHANT & GOULD PC, Minneapolis, MN; Andrew O. Larson, MERCHANT & GOULD PC, New York, NY; Hayley M. Ostrin, MERCHANT & GOULD PC, Alexandria, VA – Attorneys for Plaintiff

Anne Shea Gaza, Samantha G. Wilson, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE; Steven A. Maddox, Jeremy J. Edwards, PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, Washington, DC, Victor Sai, Dave Deonarine, Lianlian Wu, PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, San Diego, CA – Attorneys for Defendant

May 7, 2024
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court is the motion of Defendant Amneal Pharmaceuticals LLC ("Defendant") to declare this case exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees. (D.I. 41). The motion has been fully briefed. (*See* D.I. 142, 143, 146, 147 & 149). For the reasons set forth below, Defendant's motion is DENIED.

## I.   BACKGROUND

Plaintiff CMP Development, LLC ("Plaintiff") brought this Hatch-Waxman action against Defendant after Defendant filed Abbreviated New Drug Application No. 215572 with the U.S. Food and Drug Administration seeking approval to market a generic version of Plaintiff's CaroSpir® product before the expiration of United States Patent Nos. 10,624,906, 10,660,907 and 10,888,570 (collectively, "the Asserted Patents").[1] After a two-day bench trial (*see* D.I. 110 & 111 ("Tr.")) and careful review of the post-trial submissions, the Court concluded that Plaintiff had failed to show that Defendant's ANDA product would infringe the asserted claims of the Asserted Patents.[2] Plaintiff appealed that decision but later stipulated to dismissal of its appeal. Defendant then filed the instant motion.

## II.   LEGAL STANDARD

Section 285 of the Patent Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party."[3] 35 U.S.C. § 285. An exceptional case within the meaning of the statute is "one that stands out from others with respect to the substantive

---

[1]   The Complaint also asserted patent infringement of United States Patent Nos. 9,757,394 and 10,493,083, but those claims were dismissed prior to trial along with Defendant's counterclaims for invalidity of all of the patents asserted in the Complaint. (D.I. 98).

[2]   The asserted claims addressed by the Court were claims 1 and 8 of the '906 patent, claims 1 and 10 of the '907 patent and claims 1 and 7-10 of the '570 patent.

[3]   There is no dispute in this case that Defendant is the prevailing party.

strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is a question committed to the Court's discretion, and the Court must consider the totality of the circumstances in reaching its conclusion. *Id.* In assessing the totality of the circumstances, the Court may consider, *inter alia*, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6. A party seeking attorneys' fees must show the case is exceptional by a preponderance of the evidence. *Id.* at 557-58. The Court may award attorneys' fees in "the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

## III.   **DISCUSSION**

Defendant's primary argument is that the present case is exceptional within the meaning of § 285 and attorneys' fees should be awarded because the case "was objectively unreasonable, if not baseless." (D.I. 142 at 12). Specifically, Defendant asserts that (1) Plaintiff "failed entirely to present any evidence that the accused amount of tragacanth powder was equivalent to the claimed amount of xanthan gum" and (2) Plaintiff "failed even to present a prima facie case that tragacanth powder and xanthan gum increase viscosity in substantially the same way." (D.I. 142 at 12-13). In support of its positions, Defendant cites to this Court's opinion rejecting Plaintiff's arguments supporting infringement and finding that Plaintiff had failed to meet its burden of proving infringement. (*Id.*).

The Court's decision was not, however, a foregone conclusion at the end of trial. Nor was it an easy decision. The issue before the Court was infringement under the doctrine of equivalents,

a fact-intensive inquiry.  The Court spent substantial time carefully weighing the evidence presented and reflecting on credibility determinations made at trial as well as the relevant burden of proof.  Most of the Court's post-trial opinion addressed the issue of infringement.  (D.I. 123).  Nowhere in that opinion did the Court treat Plaintiff's arguments as unreasonable or frivolous.  *See Noven Pharms. v. Amneal Pharms. LLC*, No. 18-699-LPS, 2021 WL 4033172, at *4 (D. Del. Sept. 3, 2021) (finding no exceptionality where Court "did not treat [] arguments as unreasonable or frivolous and did not find resolving the parties' disputes to be an easy task").  Indeed, although Plaintiff ultimately did not prevail on infringement, its position was not objectively unreasonable or baseless.  Instead, Plaintiff presented a triable issue on which it happened to lose.  That does not render the case "exceptional."  *Tyco Healthcare Grp. LP. v. Mut. Pharm. Co.*, No. 07-1299 (SRC)(CLW), 2016 WL 3965201, at *3 (D.N.J. July 22, 2016) ("[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims."); *see also Munchkin, Inc. v. Luv N' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) ("The legislative purposed behind [35 U.S.C.] § 285 is to prevent a party from suffering a 'gross injustice,' not to punish a party for losing." (alteration in original) (internal quotations omitted)).

Plaintiff's decisions to drop two of the originally asserted patents from the case and to drop its appeal of the judgment entered do not change the outcome.  It is hardly uncommon that, during the course of litigation, parties make concessions or drop claims in order to focus their cases or preserve their resources.  Indeed, Defendant also made concessions, dropping its invalidity counterclaims approximately two months before trial.  The Court generally views such efforts as positive developments and will not penalize (either side) for streamlining the issues in an appropriate manner.

**IV.**    **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's motion to declare this case exceptional and for an award of fees is denied.  An order will follow.